### HARRIS v. FIRST STATE BANK OF DAWSON, GA., et al.

(District Court, N. D. Georgia. October 2, 1919.)

### No. 19.

EQUITY ☞409—FINDINGS OF FACT OF SPECIAL MASTER PRESUMABLY CORRECT.

Where a special master is appointed by consent of parties, with power to hear the evidence and make findings of fact and to state his conclusions of law, his findings of fact are presumed to be correct, especially where made on conflicting evidence, and may be set aside only where clearly unsupported by evidence.

In Equity. Suit by C. M. Harris, trustee in bankruptcy of John R. Mercer, against the First State Bank of Dawson, Ga., Ella R. Mercer, John M. Bell, and John R. Mercer. On exceptions to report of special master. Exceptions sustained in part.

M. C. Edwards and R. R. Jones, both of Dawson, Ga., Jas. W. Harris, of Cuthbert, Ga., and Pottle & Hofmayer, of Albany, Ga., for complainant.

Yoemans & Wilkinson and W. B. Parks, all of Dawson, Ga., for defendants.

NEWMAN, District Judge. In this case, which it was necessary to refer to a master, the court first appointed Henry R. Goetchius, Esq., the standing master in the Columbus division, as master in the case. Mr. Goetchius was unwell and unable to go on with the hearing of the case, involving the taking of a large amount of testimony at different points in the district, as it did, and he consequently informed the court of his inability to act as master in the case. Thereupon counsel, being given the opportunity by the court, agreed upon T. T. Miller, Esq., a member of the Columbus bar, as master, and his appointment was made by the court by consent of counsel. Consequently his findings come within the ruling in the case of Hattiesburg Lumber Co. v. Herrick, 212 Fed. 834, 129 C. C. A. 288, a case decided by the Circuit Court of Appeals in this (the Fifth) Circuit, which relies upon the ruling in Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764, Davis v. Schwartz, 155 U. S. 637, 15 Sup. Ct. 237, 39 L. Ed. 289, and other cases to this effect, and stated sufficiently in the third headnote of the Hattiesburg Case:

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Where by consent of the parties an order was entered appointing a special master, with power to hear and consider all testimony, whether taken by himself or by deposition, to view all physical evidence offered, to inspect the premises involved in the suit, and to report all testimony, with exhibits, together with his findings of fact and conclusions of law, his findings of fact were conclusive upon the court, unless unsupported by any legal evidence, or contrary to all the evidence, and his conclusions of law, based upon the facts so found, only were reviewable on exceptions."

In this case, therefore, the rule stated in the foregoing case, as well as in the cases by the Supreme Court of the United States, cited therein as authority, is applicable.

The main question in the case is whether or not the bankrupt, J. R. Mercer, transferred certain property referred to in the bill and in the master's report, and attempted to put the title out of himself by such transfers, for the purpose of hindering, delaying, and defrauding creditors; it being charged in the bill that a large amount of real estate and certain stocks in corporations and other personal property were thus transferred, and the parties holding the title thereto apparently knew of the fraudulent transfers, and that they were holding it really in trust for the bankrupt.

The evidence was sufficient to justify the findings of the master, which were largely in favor of the complainant, Harris, trustee in bankruptcy, and sufficient to support his findings that the titles were in the bankrupt, J. R. Mercer, at the time he went into bankruptcy, with certain exceptions which I shall state.

The evidence, while somewhat conflicting in some of the items, was clearly sufficient to support the master's finding in a great majority of the cases where land was alleged to have been transferred for the purpose of hindering, delaying and defrauding creditors. In some of the cases the evidence was such that, as stated by counsel, I believe the master would have been justified in finding either way; but, having found in favor of the complainant, his findings, under the rule I have stated, must stand in this case.

In Kimberly v. Arms, supra, relied upon by the Circuit Court of Appeals for this Circuit in the case I have cited above, the second headnote is as follows:

"When the parties consent to the reference of a case to a master or other officer, to hear and decide all the issues therein, both of fact and of law, and such reference is entered as a rule of court, it is a submission of the controversy to a special tribunal, selected by the parties, to be governed in its conduct by the ordinary rules applicable to the administration of justice in tribunals established by law, and its determinations are not subject to be set aside and disregarded at the discretion of the court."

In Davis v. Schwartz, 155 U. S. 631 (15 Sup. Ct. 237, 39 L. Ed. 289), the first headnote, which states substantially what was decided, is as follows:

"In a case referred to a master to report the evidence, the facts, and his conclusions of law, there is a presumption of correctness as to his finding of fact similar to that in the case of a finding by a referee, the special verdict of a jury, the findings of a Circuit Court in a case tried by the court under Rev. St. § 649, or in an admiralty cause appealed to this court."

All this may be said to have been qualified somewhat by the recent decision of the Supreme Court in the case of Denver v. Denver Union Water Co., 246 U. S. 178, 38 Sup. Ct. 278, 62 L. Ed. 649. The first headnote in that case is as follows:

"The findings of a special master appointed, with consent of parties, to take the testimony and report it, with his findings of fact and conclusions of law, for the advisement of the District Court, are not conclusive, but subject to review by that court upon exceptions."

In the opinion, by Mr. Justice Pitney, this is said:

"Although no opinion was filed, the ruling appears to have been based upon the theory that, because the order of reference was made by consent of parties, the conclusions of the master were not open to question. Kimberly v. Arms, 129 U. S. 512, 524 [9 Sup. Ct. 355, 32 L. Ed. 764], and Davis v. Schwartz, 155 U. S. 631, 633, 636 [15 Sup. Ct. 237, 39 L. Ed. 289], are cited in support, but they are distinguishable. In the former case, the reference, made by consent of the parties, authorized the master to hear the evidence and decide all the issues between them, and it was because of this that the court held the findings were not merely advisory, as in the ordinary case, but were to be taken as presumptively correct, 'subject, indeed, to be reviewed under the reservation contained in the consent and order of the court, when there has been manifest error in the consideration given to the evidence, or in the application of the law, but not otherwise,' and that the findings ought to have been treated as 'so far correct and binding as not to be disturbed, unless clearly in conflict with the weight of the evidence upon which they were made.' Davis v. Schwartz is to the same effect. In the present case, the consent given to the order of reference was conditioned by the terms of the order itself, which, as we have seen, limited the functions of the master to the taking of testimony and reporting it to the court together with his findings of fact and conclusions of law for the advisement of the court."

As I understand these decisions taken together, the findings of the master in this case, as in all similar cases, are presumed to be correct, and especially on questions of fact, where there is conflicting evidence, and particularly where there is a question of fraud or no fraud. The master, having the parties before him, hearing their testimony, and seeing them, can judge much better of the real merits of their testimony than this court can from the written record. It must be clearly shown that the evidence was wholly insufficient to support the finding of the master, or that he erred in the law applicable to the case, before his findings should be disturbed.

In the present case I do not find any error of the master in findings as to the various pieces of property, except his finding in the matter of the First State Bank of Dawson building. I have gone over all the evidence that I can find applicable to this, and I do not think that the evidence at all justifies the finding of the master in the matter. The First State Bank paid for the lot out of their money, and paid for the building erected thereon. I do not think there can be any question about this, from the evidence, and the deeds to Mrs. Mercer and Mrs. Perry, and from them to the bank, are fully explained, I think, by the evidence. True it is that the original title went into Mercer for the lot on which the building now stands, but the evidence seems to show conclusively that the bank paid the money to Carver, who had formerly

owned the lot, and that fairly accounts, I think, for Mercer having subsequently made the deed to the bank. The whole transaction looks to me to have been perfectly fair, so far as the present investigation is concerned, and that the bank really owned, at the time Mercer went into bankruptcy, the lot and the building erected thereon.

As to the other properties, both real estate and stocks, which the master found in favor of the complainant, I think the evidence was sufficient to justify his findings, and, under the rule which has been stated above with reference to the findings of a master in cases like this, I think his findings are such as should not be disturbed.

There are no exceptions, except on the part of the defendants; the findings of the master against the complainant, and in favor of the defendants, are not excepted to at all. The result is, without further discussion, that the report of the master must be confirmed, and the exceptions overruled, except as to the First State Bank building and lot. As to that, as I have said, the evidence does not support the master's finding, and as to that his report is not confirmed, but is disagreed with.

A decree may be taken accordingly.